## ROBERTSON v. LEA and WIFE.

1 The record shews a plea in abatement by defendant, and demurrer
thereto, and to the same count, the plea of not guilty and issue.
After verdict, the plea in abatement and demurrer are to be consi-
dered as a nullity.

2. The words charged in the declaration, " she did wilfully and cor-
ruptly perjure herself in the exam nation before the justice," proof
that the defendant in a conversation, as to the proceedings before
the justice, in which plaintiff had testified, said that she had sworn
to two falsities, does not sustain the declaration.

3. Charge for saying she had stolen is sheet and shirt, not sustained
by proof, that defendant said she had taken h s sheet and shirt, and
was so fond o. money nothing could slip through her fingers.

TEMPLE LEA and NANCY, his wife, brought an action
against Isaac Robertson, in the Circuit Court of Perry
county, for slander. The first count in the declaration,
reciting a proceeding had before a justice of the peace,
on the examination of one Nall, charged of having shot
and wound d the defendant, and that Nancy Lea had
given her testimony on oath in the same, and a colloquium
relating to this proceeding before the justice, charged the

JANUARY 1827.

Robertson
v.
Lea and Wife.

defendant with having said of her, " she, aunt Nancy, did wilfully and corruptly perjure herself in the examination before the justice."

The second count stating the colloquium, &c. as the first charged the words, " Mrs Lea had wilfully, maliciously, and corruptly perjured herself.

Third count stating a colloquium, &c. relating to the matter, was for the words, " she had stolen his linen sheet and linen shirt."

The defendant to the first and second counts, plead not guilty, on which issues were taken.

To the third count after craving oyer of the writ and endorsement, he plead in abatement, that the cause of action stated in that count, was not endorsed on the writ; to which the plaintiff demurred.

Next follows in the record an informal plea of not guilty, and issue to the third count by agreement, to which the names of the attorneys for the plaintiff and defendant are signed. Verdict and judgement for the plaintiff.

On the trial the proof was, that the defendant had said that Mrs Lea had sworn to two falsities against him, referring, as the witness understood, to a proceeding had before a justice of the peace, in which she had been sworn as a witness. The justice proved that such a proceeding was had before him, and in the course of it, Mrs Lea was sworn and examined.

The Court charged the jury, that if from this, they believed that, in a conversation about Mrs Lea's swearing before the justice, the defendant published these words in allusion to that swearing, this would be evidence going to support the first and second counts.

It was further proved that the defendant, in a conversation with two witnesses, on being told that it was reported that he had charged Mrs Lea with stealing his sheet and shirt, and a $20 bill, replied that he never did say that Mrs Lea had stolen his sheet and shirt, but by God he did now say she had taken his sheet and shirt, and that she was so damned fond of money nothing could slip through her fingers. The same witness proved, that the sheet, shirt, and pocket book of defendant were at the house of the plaintiff's, where the defendant had been lying sick.

The Court charged the jury that, if from this evidence, they believed that the defendant intended to charge a

(

larceny as stated in the third count, it would then be evi-
dence in support of that count; to all which the defendant
excepted, and assigned that the Circuit Court erred,

1. In not quashing the third count in the declaration.

2. As stated in the bill of exceptions.

GORDON, for plaintiff in error.

As to the first assignment cited, Laws Ala. 453; 2 Whea. 45.

As to the second assignment, 3 Maule and Selwyn 110; 2 John. 12; Rep. tem. Hard. 305; 2 Philips Ev. 97, note a; 2 East. 434, 437; 10 John. 281; 5 John. 21; 4 Esp. Rep. 218; 5 Com. 603.

JUDGE GAYLE delivered the opinion of the Court.

As to the first assignment, the defendant plead not guilty to the third count, and issue was joined thereon. The plea in abatement was, therefore, properly considered as a nullity, and the defendant in the action has no grounds to complain, that the plea in abatement and the demurrer thereto, were not noticed or disposed of; for on his plea of not guilty, the case appears to have been tried on its merits.

As to the second assignment and bill of exceptions, the words stated in the first and second counts make a positive and direct charge of perjury, and stand in no need of a colloquium or inuendo. The words proved are different in their imports, and do not convey the legal idea of perjury, nor could they without explanation, form the foundation of an action. To say that the plaintiff swore to falsities before a justice, imputes no crime, technically speaking, and is very different from saying she had wilfully and corruptly perjured herself.

The words proved, did not support the first and second counts in the declaration.

The words proved in support of the third count, did not make a direct charge of larceny, and were equally insufficient to sustain that count. The judgement of the Circuit Court must be reversed. The cause will be remanded if the counsel for the defendants in error think that on a new trial, the proof will better conform to the charges made in the declaration.

JUDGE CRENSHAW not sitting.

Reversed and remanded.