CASE 32—PETITION EQUITY—JANUARY 19.

# Kimble vs. Cummins.

**APPEAL FROM PENDLETON CIRCUIT COURT.**

The beneficial holder of an execution is entitled to all the equitable remedies of the plaintiff in the execution.

Where the surety pays the debt of his principal, the law implies that the latter requested such payment to be made, and also implies a promise to repay him. But the surety must be under some legal obligation to pay, otherwise the implication of a request to pay, and promise to repay, will not arise.

Execution issued upon a replevin bond, after twelve months from its maturity, and was levied upon the property of the surety in the bond, who thereupon paid the debt. *Held*—that, in the absence of any assignment of the debt to the surety, or of any request by the principal to him to pay it, or a subsequent promise to repay the same, he cannot recover against the principal.

JOHN M. HARLAN, for appellant, cited 1 *Met.*, 42 ; 2 *Stanton's Rev. Statutes, page* 400, *sec.* 11 ; 1 *Parsons on Contracts*, 392–3, 394; 18 *B. Mon.*, 649–50 ; 15 *B. Mon.*, 134.

JOHN E. RECORDS, for appellee, cited *Stanton's Rev. Stat.*, 2d *vol., chap.* 97, *sec.* 8, *page* 398.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

This was a suit in equity brought by Cummins against Kimble, to subject certain equitable interests of the latter to the payment of an execution, founded upon a judgment in favor of the Foster turnpike road company against Kimble, and which had been returned by the proper officer "no property found."

It is charged, in the petition, that an execution issued upon the judgment, and was replevied by the plaintiff, Cummins, and others, as the sureties of Kimble, in October, 1855. That one Stowers, who was alleged to be the beneficial owner of the debt, had caused an execution to be issued on the replevin bond in May, 1859, which had been levied on Cummins' property, and which he had been compelled to satisfy. That Stowers had, "under the statute in cases of sureties and joint obligors," assigned the original judgment and execution to the plaintiff; and that the latter had caused another execution to

be issued upon the bond, which had been returned "no property;" wherefore, he asked that the equitable interests of said Kimble, mentioned in the petition, might be subjected, &c. Upon this petition he also prayed and obtained an attachment upon several grounds therein set forth.

Kimble answered, and, among other matters of defense, denied that Stowers was the beneficial owner of the judgment, or that he had assigned the same or the execution to the plaintiff.

He also averred that he had paid off the debt to the sheriff upon an execution that issued in May, 1859, whilst the same was in force. And, moreover, denied that Cummins had any right to pay the execution which had been levied upon his property, or that he was liable therefor, because he (Cummins,) had been released from all liability upon the replevin bond by reason of the failure of the plaintiff or obligee therein to sue out an execution within twelve months after it became due.

He likewise denied the allegations of fraudulent intent to dispose of his property upon which the attachment was, in part, founded.

Pending the action a motion to discharge the attachment was overruled; and, upon final hearing, Kimble was adjudged liable to Cummins for the debt, and the attached property subjected to the payment of the same.

He complains of the judgment upon two grounds: (1.) That the attachment was not discharged; and (2,) that he was held liable to Cummins at all.

If Stowers was in reality the beneficial owner of the debt, and had assigned the judgment to Cummins, as alleged, then, as assignee and thus the beneficial holder of the execution, his right to all the equitable remedies of the plaintiff in the execution would be clear and undeniable. But, as we have seen, both the right of Stowers to the debt, and the fact of any assignment by him to Cummins, are denied, and as no assignment was exhibited or proved, and no testimony whatever introduced conducing to show that Stowers was ever the rightful or beneficial owner of the judgment, which was in favor

of the turnpike road company, Cummins' claim, as assignee of Stowers, cannot be sustained. Unless, therefore, he was entitled to relief against Kimble, upon the ground that, as surety for him, he had been compelled to pay, or had paid, money for which he was liable, it results that his prayer for relief should have been denied.

The *Rev. Stat.*, (2 *vol. Stanton's ed.*, 400,) provide as follows :

"If the plaintiff in any bond having the force of a judgment, shall, at any time, for the space of a year, while he is entitled to have execution, fail to issue execution and in good faith to prosecute the collection thereof, the surety in such bond shall be released from all liability as such, and any execution thereafter issuing on the bond shall be so indorsed."

Here it is manifest, as well from the petition as the answer, that more than one year had elapsed from the maturity of the replevin bond, upon which Cummins was bound as surety, until the issual of the execution of May, 1859, which the latter paid off or satisfied, and it is not pretended that any execution issued meanwhile, or that Kimble was, in any wise, instrumental in preventing or obstructing the issual of an execution. So that no reason whatever is shown why the provision just cited does not apply, or why Cummins was not effectually released from all liability upon the bond. Indeed it is plain, from what appears, that he was released, because of the failure to issue an execution upon the bond within the time prescribed by law ; and that, as to him, the execution which was levied upon his property, and which he paid off, was of no force whatever, and that his release should have been indorsed thereon by the clerk who issued it.

In this state of case could he, as surety in the bond, pay off the execution and look to Kimble as his principal for reimbursement ? We think not.

The general principle, that no one can make himself the creditor of another without his consent or against his will, is familiar. But where one is surety for another, and pays the debt which the principal owes, the law implies that the latter requested such payment to be made, and also implies a promise to repay him. But the surety must be under some legal

obligation to pay, otherwise the implication of a request to pay and promise to repay will not arise.

The application of this principle to a case like the one in hand, was distinctly recognized by this court in *Spillman & Duff vs. Smith*, (15 *B. Mon.*, 134,) in which it was said that a surety in a bond, having the force of a judgment, was released by the failure of the obligee therein to issue an execution within twelve months after it become due, and that, after such release, he could not pay the debt and look to his principal for reimbursement. The reason is obvious. After his release he is no longer a surety, and is, therefore, not entitled to any of the rights growing out of such a relation. He occupies no better attitude than that of any other person paying the debt of another, without request or authority implied or express, and comes within the general principle stated.

Here, in the absence of any proof of Stowers' interest in the debt, or his assignment of the same, or of any fact conducing to show any request by Kimble to Cummins to pay a debt for which the latter was not bound, or a subsequent promise to repay the same, Cummins had no right to a judgment against Kimble.

This conclusion obviates the necessity of passing upon the validity of the attachment.

For the reasons stated the judgment is *reversed*, and cause remanded with directions to dismiss the petition.