Commonwealth *v.* Merrill.

---

### COMMONWEALTH *vs.* LORENZO D. MERRILL.

If the defendant in an indictment pleads a former conviction, and also that he is not guilty, he cannot be put to trial, against his objection, upon the last plea, until the first has been decided against him; and if he is put to trial upon both pleas at once, and is found guilty, under a ruling of the judge that the evidence produced by him does not sustain the plea of former conviction, he will be entitled to a new trial, although the evidence did not sustain his plea of former conviction.

Two indictments, the first of which was for being a common seller of intoxicating liquors from the 1st of March 1863 to the

time of finding the indictment, in June 1864, and the second of which was for keeping a tenement, during the same time, used for the illegal sale and illegal keeping of intoxicating liquors. To each indictment the defendant pleaded a former conviction, and that he was not guilty.

When each case was called for trial, in the superior court, before *Rockwell,* J., the defendant objected that the district attorney had filed no replication or demurrer to the plea, and that there was no issue to be tried; but the judge overruled the objection, and required the defendant to produce evidence in support of his plea. The defendant thereupon offered in evidence, in the first case, a copy of a complaint, warrant and record of conviction against himself, for being a common seller of intoxicating liquors from the 1st of March to the 26th of April 1864; and, in the second case, a copy of a complaint against himself for keeping a tenement, from the 1st of March to the 25th of April 1864, used for the illegal sale and keeping of intoxicating liquors, upon which he was bound over with sureties for his appearance at the next term of the superior court. The judge in each case ruled that the special plea was not sustained, and ordered the trial to proceed upon the plea of not guilty; and the defendant, being convicted, alleged exceptions.

*W. Allen, Jr.,* for the defendant.

*Foster,* A. G., for the Commonwealth.

METCALF, J. There was a mistrial in both these cases, and the exceptions in both are to be sustained. The defendant filed, in both, a plea of former conviction, in the short form authorized by *St.* 1864, *c.* 250, § 4, and also a plea of not guilty. This last plea was an unnecessary and unusual addition to the first; *Commonwealth* v. *Goddard,* 13 Mass. 455; and he ought not to have been tried on it before the first had been regularly put in issue and decided against him. And such is also the law when former acquittal is pleaded. The two issues of former conviction or former acquittal and not guilty are distinct, and both cannot rightly be submitted to a jury at the same time. " Charging them with both issues at once," said the English

judges, "would lead to this absurdity, that they would be obliged to find upon both ; and yet if the first finding was for the prisoner, they could not go to the second, because that finding would be a bar." *The King* v. *Roche*, 1 Leach, (4th ed.) 135. Former acquittal or conviction must be specially pleaded, and is not admissible under the general issue of not guilty. Archb. Crim. Pl. (13th ed.) 117, *& seq.* *State* v. *Barnes*, 32 Maine, 534. And issue should be taken on such plea, either in law or to the country, and be regularly tried by the court or by the jury, and the decision thereon be made a matter of record. And such has been the practice in this commonwealth. See 13 Mass. 245, 455 ; 11 Pick. 134 ; 12 Pick. 496 ; 17 Pick. 395 ; 12 Met. 387 ; 8 Gray, 470. It is said, however, that evidence of such conviction has, of late years, been received on the trial of the general issue, upon the defendant's motion, and by consent of the Commonwealth's counsel ; and we find that this seems to have been so in *Commonwealth* v. *Loud*, 3 Met. 328, and *Commonwealth* v. *Bubser*, 14 Gray, 83. We presume that this practice was resorted to for the purpose of saving the labor of counsel in preparing the proper pleadings. And if this course was permitted by the court, the parties who agreed to it were bound by the result. As the *St.* of 1864, *c.* 250, authorizes a plea that requires no labor, we trust that this practice will be discontinued.

This defendant was called to trial before the jury on the indictments and his two pleas thereto, and was required, against his objection, to give evidence in support of his special plea, though there was no issue thereon ; and the judge, on hearing that evidence, ruled that it did not support the plea, and thereupon ordered that the trial proceed on the plea of not guilty. The judge treated the special plea as if it were before him on demurrer and joinder.

The argument for the Commonwealth is, that the defendant has not been injured, inasmuch as neither of the records, which he produced and offered in proof of his special pleas, showed a former conviction of the same offence for which he was then on trial ; it having been decided that the charge of being a

common seller of intoxicating liquors, during a specified time, and the charge of keeping and maintaining a tenement for the illegal sale or illegal keeping of such liquors, during the same time, are not the same, and that a party is punishable for each. *Commonwealth* v. *Bubser*, 14 Gray, 83. *Commonwealth* v. *Cutler*, decided in 1864, and not yet reported. But the defendant had a right to a trial of his special pleas according to legal rules, and, as he did not waive that right, a majority of the court are of opinion that he has suffered a legal injury by being deprived of such trial. The objection is not that the judge made a wrong decision as to the sufficiency of the plea in bar, but that he had no authority to make any.

In England a prisoner may be allowed to plead former ac quittal or conviction *ore tenus*. But his plea is recorded by the clerk of arraigns, who replies thereto in behalf of the crown. It is therefore tried on an issue. *The King* v. *Coogan*, 1 Leach, (4th ed.) 448. *Champneys' Case*, 2 Lewin C. C. 53, 54. *Rex* v. *Bowman* C. & P. 339.

*Exceptions sustained, and new trials granted.*