## PERRY WOOD vs. RUFUS SOUTHWICK.

An action for slander will lie on words imputing perjury to the plaintiff in his testimony on a point material to the issue at the trial of a complaint for an offence of which the presiding magistrate had jurisdiction, although the complaint was so defective that no irreversible judgment could be rendered thereon.

At the trial of an action for slander on words imputing perjury to the plaintiff in his testimony at a certain judicial proceeding, of which words the defendant alleges truth in justification, if the presiding judge rules that all the plaintiff's testimony so alleged to be false was material to the issue, no exception lies to his refusal to instruct the jury that if the plaintiff did swear falsely, although in relation to a matter immaterial to such issue, that would justify the defendant's words.

TORT. The declaration contained two counts, the first for slander, the second for assault and battery. Damages were laid in the sum of one thousand dollars. The count for slander alleged "that the defendant publicly, falsely and maliciously

accused the plaintiff of the crime of perjury, by words spoken of the plaintiff substantially as follows : ' You ' (meaning the plaintiff) ' swore to a God damn lie last spring in that case of Obe's about the poor-farm-house, and I' (meaning the defendant) ' can prove it ; ' " and that these words referred to the plaintiff's testimony as a witness for the prisoner at the trial before Zadok A. Taft, esquire, a trial justice for Worcester, of a complaint against one Obadiah A. Wood for a criminal offence of which said trial justice had jurisdiction.   The answer comprised a general denial of the allegations in the declaration, and set up truth in justification of the alleged slanderous words.

At the trial in the superior court, before *Wilkinson,* J., the plaintiff introduced in evidence the complaint against Obadiah, by which it appeared that the offence with which he was charged was that at Mendon he " did unlawfully, maliciously and wantonly break and destroy the glass, to wit, fifteen panes of window glass, each of the value of fifteen cents, and other injury then and there did and committed in and upon a certain building there situate, not his, the said Obadiah's, own, and without legal right, but which building then and there belonged to and was the property of Eliza Mowry, thereby then and there by committing the trespass as aforesaid doing injury to an amount not exceeding the sum of fifteen dollars, to wit, the sum of ten dollars, against the peace of the Commonwealth and contrary to the form of the statute," &c.

The defendant requested the judge to rule that this complaint " was informal and defective and set forth no criminal charge whatever, and that therefore no perjury could be committed upon the trial thereof, there being no charge in said complaint upon which the magistrate had a right to try the defendant named therein ; " which ruling the judge declined to give.

The defendant further requested the judge to instruct the jury " that if they were satisfied upon the evidence that the plaintiff did lie upon the trial before said justice, that would be a sufficient justification in this case, although that false swearing related to a matter immaterial and therefore could not support an indictment for perjury ; " which instruction the judge declined

to give, but he did instruct the jury "that all the testimony of the plaintiff claimed by the defendant to be false was material to the issue then on trial."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. In his bill of exceptions, as allowed, it was set forth that the verdict was returned upon the count for slander; but the form of the verdict, as appeared by the papers certified to this court, was as follows: "In the action Perry Wood against Rufus Southwick (for slander) the jury find for the plaintiff and assess damages in the sum of fifty dollars."

*P. E. Aldrich*, for the defendant.

*G. F. Hoar & H. B. Staples*, for the plaintiff.

Foster, J. The words set forth in this declaration and alleged to have been spoken by the plaintiff of the defendant are: "You swore to a ———— lie last spring in that case of Obe's about the poor-farm-house, and I can prove it." This language would seem to be in itself actionable, as amounting to an accusation of the crime of perjury, without the aid of any *colloquia* or averments of extrinsic facts in explanation of the circumstances under which the words were uttered. *Towle* v. *Robbins*, 12 Mass. 498. In such a case the materiality of the false testimony with which the defendant has charged the plaintiff may well be presumed, in the absence of anything to show that it was known or understood to relate to an immaterial matter at the time by those in whose presence the defamatory accusation was made. *Butterfield* v. *Buffum*, 9 N. H. 156.

But these exceptions need not be decided on that ground. The proceedings in the course of which the perjury was charged to have been committed were stated in the declaration, and evidence as to them was introduced. The defendant now objects that the plaintiff could not have been guilty of perjury at the trial referred to, because the complaint was informal and fatally defective. But a complaint or indictment may set forth an offence sufficiently to make a conviction or acquittal a bar to a second trial of the defendant for the same acts, although it would be adjudged bad on motion to quash or on demurrer. *Commonwealth* v. *Loud*, 3 Met. 328. *Commonwealth* v. *Keith*, 8 Met. 531

The party accused may be contented to waive the technical objections and to go to trial on the merits, confident of his innocence and that by true testimony he cannot be convicted. If false testimony is wilfully and corruptly given in a judicial proceeding before a tribunal having jurisdiction over the subject under investigation and in a point material to the issue, the witness is guilty of perjury, although the pleadings may be so defective that no irreversible judgment could be rendered. "It would be rather too much to say that whether a witness had committed wilful and corrupt perjury or not, could depend on the validity in point of form of the indictment as to which he gave evidence." *Regina* v. *Meek,* 9 C. & P. 513. "If judgment be arrested in a civil action for a defect in the declaration, it has never been said that that circumstance would prevent a witness who had been guilty of false swearing at the previous trial from being indicted for perjury." *Regina* v. *Cooke,* 2 Denison, 462. 3 Russell on Crimes, (Greaves' ed.) 603.

In applying these principles, we may assume the insufficiency of the complaint, the validity of which it would be difficult to support. *Commonwealth* v. *Bean,* 11 Cush. 414. But the magistrate had jurisdiction over the crime charged. Gen. Sts. *c.* 161, § 82; *c.* 120, § 42. After an acquittal or conviction on this prosecution the defendant could never again be put in jeopardy for the same offence. Gen. Sts. *c.* 158, § 6. It was therefore slander falsely to accuse the plaintiff of perjury in his testimony at that trial.

The defendant justified the alleged slander, and undertook to prove that the plaintiff had sworn falsely on the trial of the complaint. It was in reference to the evidence he had introduced to support this plea of justification, that he asked the court to rule that he did not need to prove the materiality of the false testimony of which the plaintiff had been guilty on the trial of the complaint. This prayer was fully met by the ruling actually given that "all the testimony of the plaintiff claimed by the defendant to be false was material to the issue then on trial." This was an instruction quite as favorable as the one the defendant asked for, by which he gained all the advantage he could

possibly have derived had the court adopted *verbatim* his prayers for instructions.

It remains to consider the suggestion that a new trial ought to be granted because the verdict is upon the count for slander alone and leaves the one for assault and battery undisposed of. No such claim was made in the court below, and as the questions raised by the exceptions only are here, and not the case, we have no power to act upon it now. If the supposed difficulty had been pointed out there, it might have been obviated by a discontinuance as to the other count, or the verdict might have been allowed to remain upon the count in slander and the action have stood for another trial of the count for assault. As exceptions cannot be entered in this court until the cause is ready for final judgment, the position assumed by the defendant only shows that he has brought his exceptions here prematurely. But we do not intend to intimate that any such difficulty seems to us to exist. The verdict reads, "In the action Perry Wood against Rufus Southwick (for slander) the jury find for the plaintiff and assess damages," &c. The words " for slander," in parenthesis, merely identify the action, but do not restrict the verdict to one count only. They may be struck out as surplusage. The utmost to be collected from them is, that the substantial damages were probably given for that grievance.

When the verdict was affirmed was the appropriate time to have had their precise meaning ascertained, if the defendant deemed the matter of any importance.

*Exceptions overruled*