(94 South. 175)

## BROTHERS v. BROTHERS. (7 Div. 344.)

(Supreme Court of Alabama. Oct. 12, 1922.)

**1. Pleading ⊚═362(1)—Striking out matter of aggravation in complaint for trespass held error.**

Striking out from a complaint for trespass allegations respecting a false accusation of perjury *held* error, as such allegations are not intended as a basis for special damages, but merely to show aggravation of the trespass, making a case for punitive damages.

**2. Trespass ⊚═43(1)—Matters of aggravation provable without pleading same.**

In an action for trespass on land, plaintiff may prove slanderous accusations made by defendant concerning plaintiff while in the act of committing the trespass, without pleading the same, such evidence being admissible as matter of aggravation on the issue of punitive damages.

**3. Appeal and error ⊚═1042(5)—Striking out matter from pleading held harmless error.**

Error of the court in striking out of a complaint for trespass matters tending to show aggravation was harmless error, plaintiff being entitled to introduce such matter in evidence without pleading it, and he having been permitted to prove the same at the trial.

**4. Libel and slander ⊚═101(5) — Burden of proving truth of words is on defendant.**

In actions for libel and slander, the burden of proof to show that the defamatory words are true is upon the defendant, either under a special plea of justification, or under a plea of general issue.

**5. Libel and slander ⊚═123(7), 124(2)—Truth a question for jury; plaintiff held entitled to instructions that burden is on defendant to prove truth of words spoken.**

The plea of the general issue in libel and slander, being a denial of the words spoken, though the effect of the denial is limited to a mitigation of damages only, truth or falsity of the words is an issue before the jury, and plaintiff is entitled to have the jury instructed that the burden of proof thereon is on the defendant, notwithstanding the fact that defendant offered no evidence upon the issue.

**6. Libel and slander ⊚═7(14)—Charging one with swearing a lie held actionable per se; "lie."**

An assertion that plaintiff swore a lie against the defendant in a judicial proceeding in which plaintiff was a witness imports perjury, and is actionable per se; a lie being "an untruth deliberately told; the uttering or acting of that which is false for the purpose of deceiving; intentional misstatement."

[Ed. Note.—For other definitions, see Words and Phrases, Lie.]

**7. Trial ⊚═296(13)—Incorrect instruction on burden of proof not cured by mere withdrawal from jury.**

Where, in an action for slander, the court incorrectly instructed the jury that the burden of proof was on plaintiff to show the falsity of the defamatory language, the error was not cured by a mere withdrawal of the instruction before submitting the case to the jury, but the court should have given a correct charge.

**8. Trial ⊚═274 — Repetition of request for charge held not necessary.**

Where the court refused to give correct charges requested by plaintiff, and gave instead an incorrect charge, plaintiff need not again present his request after the court has withdrawn the erroneous charge without giving a correct charge in its place.

**9. Appeal and error ⊚═766 — Violation of rules as to numbering of assignments condoned in particular case.**

Violation of Rules 10 and 12 of Supreme Court (175 Ala. xviii, 61 South. vii), requiring briefs to refer to assignments of error by number, condoned in a particular case where the record was simple, and specific reference to the assignments was not necessary to the court's understanding of the argument.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by H. A. Brothers against Israel Brothers, for slander and trespass. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The complaint is in two counts: The first is for slander, "for falsely and maliciously charging the plaintiff with perjury, by speaking of and concerning him in the presence of divers persons, in substance as follows: That plaintiff swore a lie against defendant in a prosecution against defendant wherein plaintiff was a witness." The second is for a trespass on plaintiff's home premises, with the charge that defendant "then and there, in the presence of his family and others charged the plaintiff with perjury, and made use of abusive and insulting language to plaintiff in the presence of his wife and daughter," and put his wife and daughter in fear, and shocked and frightened them. On defendant's motion, the words in quotation marks in the trespass count were stricken from the complaint.

On the trial the evidence offered by plaintiff tended to show that defendant, while intoxicated, and while passing along the road by plaintiff's home place, stopped, and in the conversation that ensued accused plaintiff of swearing lies on him in court, which caused him to be put at work on the road. Plaintiff's testimony was to the effect that he had in fact testified against defendant in the case in which he was sentenced and went to the chain gang. Defendant offered no evidence, and the jury found for defendant, with judgment accordingly.

The trial judge refused to give the following charges as requested in writing by plain-

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tiff: (1) That the burden of proof is on the defendant to prove the truth of the charge of perjury; (2) that the defendant may give in evidence in mitigation of damages the truth of words spoken, but the burden is upon defendant to show that the words were true. •

Motley & Motley, of Gadsden, for appellant.

The falsity of defamatory words is presumed, and it is not necessary that the complainant shall in the first instance offer any proof that the words were false. 25 Cyc. 491. A presumption which establishes an element of a case imposes upon the other party the burden of proof on that point. 190 Ala. 245, 67 South. 440; 126 Ala. 369, 28 South. 582; 16 Ala. 791.

W. J. Boykin, of Gadsden, for appellee.

Assignments of error, not insisted upon in the manner prescribed, are waived by appellant. 16 Ala. App. 130, 75 South. 722; 188 Ala. 218, 66 South. 434; 4 Ala. App. 625, 58 South. 812.

SOMERVILLE, J. [1] The trial court erred in striking a portion of the trespass count of the complaint. Such allegations are not intended as a basis for the recovery of special damages, but merely to show an aggravation of the trespass, and thereby make a case for punitive damages.

[2, 3] But proof of such matters may be made without any allegation thereof in the complaint. Wilkinson v. Searcy, 76 Ala. 176; Standard Oil Co. v. Davis, 94 South. 754.[1] And the bill of exceptions shows that plaintiff was allowed to show all that was said and done on the occasion in question, and also the fact of the presence of his wife and daughter. The error in striking the matters of aggravation from the complaint was very clearly of no prejudice to plaintiff.

[4] In actions for libel or slander the law presumes that defamatory words are false, and this presumption continues until it is overcome by evidence showing that they are true. Starks v. Comer, 190 Ala. 245, 253, 67 South. 440; 25 Cyc. 491, e. Hence, where defamatory words are shown to have been spoken of plaintiff by defendant, the burden of showing that they are true is upon the defendant, whether under a special plea of justification, or under a plea of the general issue merely. Starks v. Comer, supra.

[5] And, since a plea of the general issue is a denial of the falsity of the words spoken—though the effect of the denial is limited to a mitigation of damages merely—the matter of their truth or falsity is an issue before the jury, and the plaintiff is entitled to have the jury instructed that the burden of proof thereon is upon the defendant, notwithstand-

ing the defendant has in fact offered no evidence upon that issue.

[6] According to the New Standard Dictionary a lie is "an untruth deliberately told; the uttering or acting of that which is false for the purpose of deceiving; intentional misstatement"; and such is undoubtedly the common understanding of the word. The defamatory language charged and proven in the instant case is that plaintiff swore a lie against defendant in a judicial proceeding, wherein defendant was the defendant, and plaintiff was a witness. This, in the common understanding, imports a charge of perjury, and is actionable per se. Canterbury v. Hill, 4 Stew. & P. 224; Ramey v. Thornberry, 7 B. Mon. (Ky.) 475; Huffer v. Miller, 74 Md. 454, 22 Atl. 205; Wood v. Southwick, 97 Mass. 354; Brace v. Brink, 33 Mich. 91; Perselly v. Bacon, 20 Mo. 330; Spooner v. Keeler, 51 N. Y. 527; Gudger v. Penland, 108 N. C. 593, 13 S. E. 168, 23 Am. St. Rep. 73; Bricker v. Potts, 12 Pa. St. 200; Magee v. Stark, 1 Humph. (Tenn.) 506. The case of Robertson v. Lea, 1 Stew. 141, where the charge was that the plaintiff "swore to falsities" merely—not "lies"—is obviously not in conflict with this view.

Very clearly, then, charges 1 and 2, requested by plaintiff, stated correct propositions of law, applicable to the pleadings and evidence, and their refusal was prejudicial error, as laid in the tenth and eleventh assignments.

[7, 8] It is of no consequence that the trial judge, having incorrectly instructed the jury at the close of the trial that the burden of proof was on the plaintiff to show the falsity of the defamatory language, and having then refused to give the charges referred to, on the next morning, before giving the case to the jury, withdrew his statement that the burden of proof was on the plaintiff. He did not then instruct the jury that the burden was on the defendant, and it was not incumbent on the plaintiff to again request the giving of charges 1 and 2, previously refused, but it was incumbent on the trial judge to change his ruling as to those charges, of his own motion, and to give them as requested.

[9] Counsel for appellee complains of the insufficiency of the brief of counsel for appellant in its discussion of and insistence upon the assignments of error, under the requirements of Supreme Court rules 10 and 12 (175 Ala. xviii, 61 South. vii). It is true that the brief for appellant does not refer to the tenth and eleventh assignments of error by number, as it should in strictness have done. But, in view of the simplicity of the record, and of the facts that only four or five rulings are discussed, and that specific reference to the assignments was not necessary to our understanding of the argument, we have preferred to condone the fault in this instance.

For the errors noted, the judgment will be

---

[1] Post, p. 565.

reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬡➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes