(110 So. 143)

**TINGLE v. WORTHINGTON.**    (6 Div. 457.)

(Supreme Court of Alabama. Oct. 28, 1926.)

**1. Appeal and error** &#8634;1170(7)—**Exclusion of answer of witness, if error, is not prejudicial, where matter to be testified to is otherwise shown by record (Sup. Ct. rule 45).**

In suit for slander, sustaining objection to question by plaintiff of her witness to show prejudice and ill feeling by witness' wife toward plaintiff, if error, was without injury, where record otherwise showed such prejudice, in view of Sup. Ct. rule 45.

**2. Appeal and error** &#8634;1170(7)—**Exclusion of cross-examination to show nonexistence of certain fact by witness' failure to testify thereof in another cause held not error, where witness otherwise testified to such facts (Sup. Ct. rule 45).**

Exclusion of cross-examination of defendants' witness, in suit for slander, to show nonexistence of facts showing intimate association by plaintiff with witness' husband by failure of witness to testify to same in divorce action, *held* not reversible error, where witness otherwise testified on such matter, in view of Sup. Ct. rule 45.

**3. Appeal and error** &#8634;1050(1).

Error in permitting witness, in suit for slander, to testify as to plaintiff's reputation for chastity, *held* cured by subsequent testimony, confined to general reputation of plaintiff in community.

**4. Evidence** &#8634;106(5).

Character witness should be confined to general reputation or general character of person.

**5. Witnesses** &#8634;236(1)—**In suit for slander of plaintiff's character for chastity, question, involving character of other women than plaintiff, held properly excluded.**

In suit for slander of plaintiff's character for chastity question of witness, traveling with plaintiff and others, as to whether there were women of loose character in party, *held* properly excluded; the plaintiff's character alone being in issue.

**6. Libel and slander** &#8634;54.

In suit for slander, truth or falsity of words spoken is a material issue under plea of justification, and truth is available in bar of action.

---

&#8634;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Libel and slander ⊕123(7).**

Where evidence was conflicting as to truth or falsity of words spoken under plea of justification, general affirmative charge in favor of plaintiff was properly refused.

**8. Evidence ⊕61—Libel and slander ⊕124 (1)—There is no presumption as to general reputation or character, and requested charge that law presumes plaintiff, in action for slander, to be woman of good character, held properly refused.**

There is no presumption as to general reputation or character of person, and requested charge that law presumes that plaintiff, in action for slander, was a woman of good character and chaste at time of slander, was properly refused.

**9. Trial ⊕260(1).**

Refusal of requested charge, fully covered by charges given by court, is not error, in view of Code 1923, § 9509.

**10. Trial ⊕240.**

Refusal of requested charge which is argumentative held not error.

**11. Trial ⊕194(2).**

Requested charge on effect of certain parts of evidence on issues involved, invade province of jury, and was properly refused, in view of Code 1923, § 9509.

**12. Libel and slander ⊕124(4) — Requested charge that, when defamatory words are used and are actionable and not privileged, they are presumed to be false and malicious, held properly refused, as misleading.**

Requested charge that, when defamatory words are used and are actionable and not privileged, they are presumed to be false and malicious, not stating when words were spoken and published, or defining meaning of words "used and actionable," held properly refused, as misleading.

**13. Libel and slander ⊕124(3).**

Requested charge, in suit for slander, that, "generally speaking, every defamation is presumed to be malicious," held properly refused, as misleading and containing nothing to which testimony could be applied.

**14. Libel and slander ⊕101(3)—Plaintiff, suing for slander, imputing want of chastity, has burden under general issue of showing that defamatory words were spoken and published, which makes out prima facie case for recovery.**

In suit for slander, burden of proof under plea of general issue is on plaintiff to show that defamatory words, imputing want of chastity, were spoken and published by defendant, which proof makes out prima facie case for recovery; it being presumed that words were untrue and malicious.

**15. Libel and slander ⊕100(4), 101(5).**

In suit for slander, under general issue plea, proof that words spoken and uttered were true can be considered by jury in mitigation of damages, and burden of making such proof to reasonable satisfaction of jury is on defendant.

**16. Libel and slander ⊕54, 101(5).**

In suit for slander, defendant under justification plea has burden of reasonably satisfying jury that words spoken are true, and, if so proved, action is barred, under Code 1923, § 7359.

**17. Libel and slander ⊕124(2).**

Requested charge, in suit for slander, that falsity of all defamatory words is presumed without evidence thereof, and burden is on defendant to rebut presumption, *held* properly refused, as misleading.

**18. Libel and slander ⊕124(2).**

Requested charge, in suit for slander, that law presumes that charge against plaintiff was untrue, and that defendant has burden of reasonably satisfying jury that charge was true, *held* properly refused, as misleading.

**19. Libel and slander ⊕101(1).**

In suit for slander, words spoken are not presumed to be false until plaintiff proves that they were spoken and published by defendant of plaintiff.

**20. Libel and slander ⊕124(2).**

Charge, in suit for slander, that burden is on plaintiff to reasonably satisfy jury that statements were made by defendant, as alleged, with malice, and not in good faith, *held* proper.

**21. Libel and slander ⊕124(2)—Charge that burden was on plaintiff to show that words spoken imputed want of chastity held proper.**

Charge, in suit for slander, that burden was on plaintiff to reasonably satisfy jury that defendant falsely and maliciously imputed to plaintiff want of chastity by speaking of plaintiff in presence of others. that she was "a red light district woman," *held* proper.

**22. Trial ⊕296(1).**

Where charges given by court, if misleading, were neutralized by oral and given charges of court, there was no error, in view of Code 1923, § 9509, and Sup. Ct. rule 45.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action by Alice Tingle against W. J. Worthington. From a judgment for defendant, plaintiff appeals. Affirmed.

These charges were refused to plaintiff:

"(A) The law presumes that the plaintiff was a woman of good character and that she was a virtuous, chaste woman at the time the alleged slander is alleged to have been uttered."

"(12a) When defamatory words are used and are actionable and are not privileged, it is presumed to be both false and malicious."

"(14) Generally speaking, therefore, every defamation is presumed by the law to be malicious."

Also these charges, made the basis of assignments 7 and 8:

"(1) The court instructs the jury that the falsity of all defamatory words is presumed in the plaintiff's favor, and she need give no evidence to show them false. The burden is

on the defendant to rebut this presumption by giving evidence, if any, in support of the plea of justification."

"(20) The court charges the jury that the words set out in the complaint and alleged to have been uttered by the defendant are defamatory words, and that the law presumes, the falsity of all defamatory words, and in this case the law presumes that the alleged charge alleged to have been made against the plaintiff was untrue, and casts upon the defendant the burden of reasonably satisfying the jury from all the evidence in the case that said charge was true."

These charges, given for the defendant, are made the basis of assignments 2 and 3:

"I charge you, gentlemen of the jury, that the burden of proof is on the plaintiff to reasonably satisfy you from the evidence in this cause that the statements were made by the defendant as alleged in her complaint with malice and not in good faith.

"The burden is upon the complainant to reasonably satisfy you that the defendant falsely and maliciously imputed to plaintiff a want of chastity by speaking of and concerning the plaintiff in the presence of divers persons in substance that she is a red light district woman, on to wit, the 6th day of September, 1924."

J. R. McElroy and H. C. Wilkinson, both of Birmingham, for appellant.

The burden of proving the truth of defamatory words is on the defendant. Brothers v. Brothers, 208 Ala. 258, 94 So. 175. And the bad general reputation of plaintiff is not admissible to prove the truth of such words. Stone v. Varney, 48 Mass. (7 Metc.) 86, 39 Am. Dec. 762; Branshaw v. Berry, 2 Ky. Law Rep. 58; Com. v. Snelling, 15 Pick. (Mass.) 337. The general character of plaintiff is presumed to be good. 37 C. J. 75; Lewis v. Williams, 105 S. C. 165, 89 S. E. 647. Evidence of statements by a witness indicating bias against one party may be proven by such party. Haralson v. State, 82 Ala. 47, 2 So. 765; Jones v. State, 76 Ala. 8; Allen v. Fincher, 187 Ala. 599, 65 So. 946. Failure of a witness to assert a fact, under circumstances naturally calling for its assertion, amounts in effect to an assertion of its nonexistence, and such nonassertion may be proven as going to the credibility of the witness. 2 Wigmore on Evi. (2d Ed.) 499. Reputation, to be probable, must be a general reputation. Stone v. State, 208 Ala. 50, 93 So. 706; Watson v. State, 181 Ala. 53, 61 So. 334; Elam v. State, 25 Ala. 53.

W. T. Edwards, Earl McBee, and Hugh A. Locke, all of Birmingham, for appellee.

The charges given for defendant, and complained of in assignments 2 and 3, were correctly given. Age-Herald v. Waterman, 202 Ala. 665, 81 So. 621; Berry v. City of N. Y. Ins. Co., 210 Ala. 369, 98 So. 290; Fowles v. Bowen, 30 N. Y. 26; 25 Cyc. 412; Smith Bros. v. Agee, 178 Ala. 627, 59 So. 647, Ann. Cas. 1915B, 129. An omission to state the entire law in one charge is not error, if the omission is reasonably supplied elsewhere. 38 Cyc. 1781. Refusal of a charge will not work a reversal, where the proposition of law is covered by a given charge. 38 Cyc. 1711, 1816; Sherrill v. L. & N., 148 Ala. 1, 44 So. 153. The admission of objectionable evidence is not cause for reversal, where substantially the same evidence has been previously received without objection. 38 Cyc. 1418; Birmingham Paint Co. v. Gillespie, 163 Ala. 408, 50 So. 1032. Character is provable only by general reputation. McQueen v. State, 108 Ala. 54, 18 So. 843. Appellant was not entitled to the affirmative charge. 36 C. J. 1157.

MILLER, J. This is a suit by Alice Tingle against W. J. Worthington to recover damages for slanderous words spoken and published by him of and concerning her. There is one count in the complaint. It is in the Code form. The slanderous words alleged to have been spoken and published by him of her were that "she (plaintiff) is a red light district woman." The cause was tried on plea of general issue, general issue with other averments, and plea of justification that the words spoken, constituting the slander, were true. The jury returned a verdict in favor of the defendant, and from a judgment thereon by the court this appeal is prosecuted by the plaintiff.

The defendant is a brother of Nellie Thurman, who was the wife of F. H. Thurman. They separated. She filed bill for divorce on the ground of adultery with Alice Tingle, the plaintiff. The ground was afterwards changed to cruelty, and the decree of divorce was obtained thereon.

Before the divorce was granted, Nellie Thurman was watching and following her husband. He was in an automobile riding at night with Alice Tingle and another woman. Nellie Thurman with her nephew were following them in a car. Her husband stopped in front of the house of Alice Tingle. Nellie Thurman came up and drew a pistol. Alice Tingle called for a policeman. Nellie Thurman told her nephew to go for her brother, the defendant. The defendant came and when he saw his sister, her husband, Alice Tingle, and the other woman, he stated in substance: "Don't you know who that woman (meaning plaintiff) is there?" F. H. Thurman said, "Possibly I do"; and defendant said: "She is a red light district woman; ask old Captain Jack Cranford, who says she ran a red light district house over here in Jasper for years."

There was evidence that men came and went at all hours of the night at the place where Alice Tingle lived in Birmingham. She was seen with the husband of Nellie Thurman at numerous times under circumstances indicating they were too intimate, and

there was evidence to the contrary. There was much evidence tending to show that she (plaintiff) was a woman of bad moral character, and there was evidence to the contrary. There was evidence tending to show her general character and reputation where she resided was bad for chastity, and there was evidence that her general character was good in that respect. The foregoing is the tendency of some of the testimony in the case.

[1] The court sustained the defendant's objection to this question asked by plaintiff of her witness F. H. Thurman:

"I'll ask you whether or not your wife told you that, if you would defame this woman's character, she would dismiss the divorce case against you."

In this the court may have erred under the rulings in Haralson v. State, 82 Ala. 47, 2 So. 765, Jones v. State, 76 Ala. 8, and Allen v. Fincher, 187 Ala. 599, 65 So. 946, but this we do not decide, because if error it was without injury to the plaintiff. It could be relevant only to show bias and prejudice and bad feeling of Nellie Thurman toward the plaintiff, and it is without dispute and the record is full of testimony showing ill will and hatred to plaintiff on account of her relations with her husband. Rule 45 of this court.

[2] Nellie Thurman, witness for the defendant, was asked by the plaintiff, on cross-examination, this question:

"You didn't know and you didn't testify to it, that you saw her come out of any sample room, or out of his room, or anywhere else, in March, when you had a chance to testify to it, when you were trying to get a divorce around there?"

The court sustained defendant's objection to this question. The witness had testified that she saw Alice Tingle come out of the sample room at a hotel in Birmingham, in which her husband kept his shoe samples. She had also testified that she had seen them in other places under circumstances indicating they were too intimate, and had testified to them in the chancery divorce proceeding, and she had stated on this cross-examination:

"I stated on the trial in chancery court that there were other times, but I only mentioned two, because my attorney told me not to tell all the other times. He told me to tell very little. I was then suing my husband for alimony and for a divorce on the grounds of adultery. My attorney told me not to tell everything, because that was just a preliminary hearing."

While the court should have allowed her to answer this question, on the theory that the failure to testify to it in that cause, where it was material and natural to assert it, would tend to show the nonexistence of the same, still the court will not be placed in error for the ruling, for she had already stated there were other times, but she mentioned only two in the chancery proceedings and gives her reasons for not testifying to all of them, at that time, in that court. Rule 45 of this court. 2 Wigmore on Evidence (2d Ed.) p. 499.

[3, 4] It is true one of the character witnesses of defendant was allowed by the court, over objection of the plaintiff, to testify as to the reputation and not the general reputation of plaintiff for chastity in the community in which she resided; but this error was cured, for almost immediately thereafter he was asked this question: "Do you know her general reputation in that community in which she lived for chastity?"—and he answered: "Yes, sir." Then he was asked: "Is that good or bad?"—and he answered: "It is not good. I think it is bad. That is my judgment." He had testified that he had known her for about 20 years in Walker county. A character witness should be confined to the general reputation or general character of the person. See Watson v. State, 181 Ala. 53, 61 So. 334, and Stone v. State, 208 Ala. 50, 93 So. 706.

[5] F. H. Thurman, witness for the plaintiff, testified that five or six persons—some women and some men—went with him in his car from Birmingham to the Riddle home in Edgewood. The plaintiff was in the party, and they stayed there about an hour. The plaintiff asked him this question: "Were there any women of loose character in your party?" The court sustained the defendant's objection to this question. In this there was no error, for it called for the character for chastity of other women than the plaintiff. The character of the plaintiff for chastity was in issue in this court, and not that of the other women in this party.

[6, 7] The court refused to give the general affirmative charge, with hypothesis, in favor of the plaintiff. It was in writing. The evidence was in clear conflict as to whether the words spoken, "She (plaintiff) is a red light district woman," were true or false. This was a material issue under the plea of justification. If the words spoken are true, it is available in bar of the action. Ferdon v. Dickens, 161 Ala. 181, 49 So. 888; Schuler v. Fisher, 167 Ala. 184, 52 So. 390. And the court did not err in refusing that written charge. McMillan v. Aiken, 205 Ala. 35, head notes 9–11, 88 So. 135.

[8] Written charge lettered A, on page 15 of the record, requested by the defendant, was properly refused by the court. The law makes no presumption as to the general reputation or character of a person, and, in the absence of testimony on the subject, the law indulges no presumption as to whether it is good or bad. Danner v. State, 54 Ala. 127, 25 Am. Rep. 662; Little v. State, 58 Ala. 265; Dryman v. State, 102 Ala. 130, 15 So. 433; Gater v. State, 141 Ala. 10, 37 So. 692.

[9] Written charge 18, on page 147 of the record, requested by plaintiff, was properly

refused. The principle of law attempted to be stated by this charge was fairly and substantially covered by written charge No. 8, on page 11 of the record, requested by the plaintiff, and given by the court. Section 9509, Code of 1923.

[10] The court did not err in refusing written charge No. 16, on page 146 of the record, requested by the plaintiff. It is argumentative, and the principle of law attempted to be stated therein was fairly and substantially covered by the general oral charge of the court, given written charge lettered BB, and by written charge lettered CC on the margin of the record by us, which were requested by the plaintiff and given by the court. Charges BB and CC appear on pages 11 and 12 of the record. Section 9509, Code of 1923.

[11] Written charges 15, on page 146, and 22, on page 148 of the record, requested by the defendant, were each properly refused. They invade the province of the jury. They charge on the effect of certain parts of the evidence on the issues involved; and the principle of law attempted to be stated therein was fairly and substantially covered by written charge lettered DD on the margin of the record by us. This charge, DD, was requested by the plaintiff and given by the court. Section 9509, Code of 1923.

The principle of law attempted to be stated in written charge No. 9, on page 144 of the record, requested by the plaintiff, was fully covered by the general oral charge of the court, and there was no error in its refusal Section 9509, Code of 1923.

[12] The court did not err in refusing charges No. 12a, on page 13, and No. 14, on page 14, of the record, requested by the plaintiff. Charge 12a fails to state when the defamatory words are spoken and published. It fails to give the jury the meaning of the words "used and actionable." They may have been used and not spoken and published, as charged in the complaint, and it is calculated to mislead the jury.

[13] Charge 14 is calculated to mislead the jury and is otherwise objectionable. It gives them nothing certain and practical, to which they can apply the testimony.

[14] The burden of proof under the general issue plea is on the plaintiff, to make some proof showing that the defamatory words, imputing to her a want of chastity as alleged, were spoken and published by the defendant of her, and, when this is done, a prima facie case for recovery is made out, for from that proof the jury can infer or presume the words spoken and published were untrue, and, if false, that they were maliciously spoken.

[15, 16] Under the general issue plea, the defendant may offer proof to reasonably satisfy the jury that the words spoken and uttered were true, and such proof can be considered by the jury in mitigation of damages, and the burden of making this proof to the reasonable satisfaction of the jury is on the defendant. Under the justification plea, setting up the truth of the words spoken, the burden is on the defendant to prove to the reasonable satisfaction of the jury that the words spoken are true; and, if the jury are reasonably satisfied thereof, this would be a complete bar to the action, and entitle the defendant to a verdict in his favor. Section 7359, Code of 1923; Starks v. Comer, 190 Ala. 245 headnotes 3, 4, and 5, 67 So. 440; Brothers v. Brothers, 208 Ala. 258 headnote 4, 94 So. 175; Shelton v. Simmons, 12 Ala. 466.

[17-19] The two written charges appearing, respectively, in the assignments of error 7 and 8, were properly refused by the court. They were requested by the plaintiff. Each fails to state that, when the plaintiff makes proof that the defamatory words were spoken and published by the defendant, of plaintiff, the burden of proof shifts to the defendant. The law does not presume the words spoken were false until plaintiff makes proof that they were spoken and published by the defendant of the plaintiff. Each charge is misleading as to the burden of the proof and presumption of law, when certain proof is made. Authorities, supra.

[20, 21] The two written charges appearing in assignments of error Nos. 2 and 3, requested by the defendant and given by the court, were not improperly given. Each may have called for an explanatory charge, stating the presumptions of law from certain proof as hereinbefore shown. Brothers v. Brothers, 208 Ala. 258, 94 So. 175, and other authorities, supra.

[22] The written charges, requested by the defendant, which appear in assignment of errors, respectively numbered 1, 4, 5, and 6, were each given by the court. Each states a correct proposition of law; and, if they fail to sufficiently hypothesize whether the statements or words spoken were true, that would render them misleading, and this misleading tendency was fully neutralized by the oral charge of the court and by given written charges requested by the plaintiff. Section 9509, Code of 1923; rule 45 of this court.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, J., concur in opinion.

SAYRE, J., concurs in the result.