148 So. 339

## NIX v. HARTFORD FIRE INS. CO.

### 8 Div. 782.

Court of Appeals of Alabama.

May 16, 1933.

Wm. L. Chenault, of Russellville, for appellant.

J. Foy Guinn, of Russellville, for appellee.

RICE, Judge.

Plaintiff, appellant, "has no case," i. e., he cannot recover, etc., and it is puzzling to know just what should be said in an opinion, by way of demonstrating that fact.

As remarked by counsel for appellee, in brief filed here, "there is in this case a perfect maze of pleading, and, it may be admitted, some error in the rulings on the pleadings." But appellant's brief is constructed with entire disregard to the rules. Supreme Court Rules 10 and 12. Then besides, if this defect should be by us condoned, as is sometimes done (Brothers v. Brothers, 208 Ala. 258, 94 So. 175), still, after a careful examination of said brief, we are forced to declare that we observe not a single one of the 32 errors assigned on the record argued and insisted upon in such a way as to invite and require our consideration. See St. Louis-San Francisco Ry. Co. v. Kimbrell (Ala. Sup.) 145 So. 433,[1] and authorities therein cited. Most, we believe all, of the assignments appellant's counsel "pretends" to argue are "argued" after the manner, only, of the "argument" condemned by Mr. Justice Brown for our Supreme Court in the opinion in the case of Futvoye et al. v. Chuites et al., 224 Ala. 458, 140 So. 432, 433, to wit: "The appellants' treatment of assignments of error 5 and 6 is not sufficient, under the repeated rulings here, to invite consideration and treatment of these assignments. As to assignment 5, they say: 'The court should have sustained defendants' demurrer to plaintiffs' replication No. 2, as the matters set up therein were mere conclusions of the pleader, and no facts are averred on which to base such conclusions.' The same treatment is accorded assignment 6."

The "argument" we have just quoted was as elaborate as any that appears here, in appellant's brief. Hence, all the assignments are waived. Authorities hereinabove cited.

Be it said for the comfort of appellant's counsel, however, that, under the law as it exists, and the facts as testified to by his client, there was no "argument" that he could make, conscientiously, to any other effect than that upon the whole evidence the appellee was entitled to have given at its request the general affirmative charge, etc. See Supreme Court Rule 45, and authorities cited in brief of appellee.

The judgment is affirmed.

Affirmed.

[1] 226 Ala. 114