## Thomas Terry *vs.* Catharine Bright.

The act of 1838, ch. 114, is a public general law, and in an action under it, an averment in the declaration that the words were spoken "against the form of the statute in such case made and provided," is a sufficient reference to it.

Under the act of 1809, ch. 153, sec. 2, a judgment will not be stayed or reversed for any defect in form or substance in any count in the declaration, if there be one good count.

The purpose of the act of 1838, ch. 114, was to make all words spoken maliciously touching the character for chastity of an unmarried woman, slander *per se*, and *prima facie* actionable as slanderous words are now actionable at common law.

At common law where the slander is *prima facie* actionable, a declaration stating the malicious intention of the defendant and the slander concerning the plaintiff is sufficient without any prefatory *inducement*.

Under the act of 1809, ch. 153, the court may properly allow a declaration to be amended after a demurrer to it has been ruled good, it being a power resting in the sound discretion of the court.

Appeal from Anne Arundel county court.

This was an action of *slander*, brought by the appellee against the appellant, under the act of 1838, ch. 114.

There was a demurrer to the declaration, which was ruled good, and leave was then granted to the plaintiff to amend. The *first* count of the amended declaration avers, that the plaintiff was "sole and unmarried," and that the defendant, maliciously, and "against the statute in such case made and provided," spoke of her the following words, "touching her character and reputation for chastity, and tending to the injury thereof:" "you, (meaning the plaintiff,) are a damned infernal whore and bitch, and I, (meaning the defendant,) will prove you so; I, (meaning the said defendant,) can do it, and I, (meaning the said defendant,) will do it." The *second* count complains in the same way, but not as against the statute, of the following words: "you had better go to Bill McNeir's privy with Ned Wayson, where you have been before." The *third* in the same way, of these words: "you had better go to Washington with a soldier again for eight or ten days, you

Terry *vs.* Bright.

God damned soldier whoring bitch." The *fourth* in the same way, of these words: "you have been in James Sands' loft with Ned Sands, you damned whoring bitch; Ned Sands knows you as much as he wants to know you." There was no conclusion *contra formam statuti.*

The verdict was for the plaintiff for $400 damages. The defendant filed a motion for a new trial, which the court overruled. He then filed a motion in arrest of judgment, for the following reasons:

1st. The amended declaration does not conclude against the form of any statute of this State, nor sufficiently refer to any such statute authorising the action.

2nd. It does not aver to whom the word "you," last mentioned in the first count, refers.

3rd. In the second, third and fourth counts, there is no reference to any statute of this State, and nothing charging the words to have been spoken against the form of any such statute.

4th. There is no averment that the words of the second and third counts were not spoken ironically, as by manifest import they were, nor is there any proper colloquium setting forth the meaning of said words.

5th. The declaration should not have been allowed to be amended.

6th. There is at least one defective count, and the damages found by the jury are entire.

The court, (DORSEY, C. J., and BREWER, A. J.,) overruled this motion, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Alex. Randall* and *Alex. B. Hagner* for the appellant.

1st. The suit was brought at common law, but the declaration was ruled defective on demurrer, and the plaintiff then, under leave, amended and proceeded under the act of 1838, ch. 114. This so entirely changed the nature of the action,

that we deny the power of the court, under the privilege of amending the pleadings, to require the defendant to answer a *statutory* averment in the same suit for *common law* cause of action. The last section of the act of 1838, contemplates a strictness which this leave to amend has departed from; "all proceedings under this act shall be the same as those now used in the courts of law in this State in actions of slander." Was it ever used before, that the *very same words* were, without any additional colloquium or innuendo, or allegation of any other special damage, actionable at one time and not actionable when the suit was brought? The discretion given to the courts by the statute for amending proceedings is not "a capricious, but a sound legal discretion, to the proper exercise of which the party claiming it is entitled, and from which he cannot be debarred." 1 *H. & G.*, 407, *Union Bank vs. Ridgely.* The 2nd section of the act of 1809, ch. 153, does not extend to any matter of substance. 3 *H. & J.*, 13, *Wood vs. Grundy.*

2nd. The plaintiff must recover, if at all, upon the act of 1838, her complaint therefore must distinctly rest upon the provisions of the statute,—nothing must be left to implication. The statute must be so clearly referred to as to apprise the court and the party what statute it is; which is not done in this declaration as amended. On this point see 5 *Pick.*, 168, *Nichols vs. Squire.* 9 *Do.*, 162, *Haskell vs. Moody.* 10 *Mass.*, 37, *Peabody vs. Hayt.* 6 *Blackf.*, 169, *Ricket vs. Stanley.* 7 *Do.*, 391, *Ezra vs. Manlove.* 2 *Dev.*, 116, *Watts vs. Greenlee.* 2 *McLean*, 630, *Jones vs. Vanzandt.* *Do.*, 212, *Falconer vs. Campbell.* 2 *Sm. and Mar.*, 556, *Scott vs. Peobles.* 2 *Mod.*, 99, *Earl of Shaftsbury vs. Lord Digby.* 2 *East*, 333. 7 *Do.*, 516.

3rd. None of the counts contain any proper inducement or colloquium, or averment, setting forth the meaning of the expressions recited in them. Those in the 2nd and 3rd counts have *in themselves* no essentially scandalous import— they require explanatory averments to make them so understood. 6 *Blackf.*, 169. 8 *B. Munroe*, 488, *Beswick vs.*

*Chappel.* 4 *Wend.*, 531, *Bullock vs. Koon.* 3 *Dev.*, 167, *Brittain vs. Allen.* 2 *H. & J.*, 364, *Sheely vs. Biggs.* 1 *Starkie on Slander*, 45, 383, 387, 391, 393, 423.

4th. It nowhere appears upon which count the verdict was rendered. The damages were entire and there were defective counts in the declaration. *Sedgwick on Damages*, 576, 579. 2 *Sm. and Mar.*, 561. 28 *Eng. C. L. Rep.*, 153. 3 *Steph. N. P.*, 2581. 5 *Greenleaf*, 446, *Clough vs. Tenney.* 2 *Mass.*, 406, *Stevenson vs. Hayden. Ibid.*, 50, *Benson vs. Swift.* 11 *Do.*, 59, *Barnes vs. Hurd.* 8 *Verm.*, 484, *Haselton vs. Weare.* 9 *Pick.*, 546, *Dryden vs. Dryden.*

*Harwood Iglehart* and *Cornelius McLean* for the appellee.

1st. The act of 1838, ch. 114, is a *public general law*, and therefore need not be specially referred to. 1 *Bl. Com.*, 85, 86. 1 *Chitty's Pl.*, 327. 2 *Wheat's Selw.*, 420. *Stephen's Pl.*, 346. *Arch. Civil Pl.*, 95, 145. 2 *Salk.*, 505, *Coundell vs. John.* The cases in 2 *East.*, 333, *Lee vs. Clarke*, and 7 *East.*, 516, *Clanricarde vs. Stokes*, are *qui tam* actions where the declaration must be as strict as *in indictments.*

2nd. No colloquium is necessary, where the words are clear of ambiguity, its only object being to show to whom the words refer. 1 *Starkie on Slander*, 48, 49, 343, 351. 1 *Chitty's Pl.*, 400. 8 *Gill*, 457, *Dorsey vs. Whipps.* 1 *Nott and McCord*, 216. 7 *Munroe*, 315. 8 *Mass.*, 255. 8 *New Hamp.*, 257. There is no uncertainty or informality in the declaration,— the words "against the statute" need not be used in every succeeding count, the word "further" sufficiently connects the counts, and is equivalent to "whereas also." 1 *Chitty's Pl.*, 413.

3rd. The amendment was properly allowed, even after the demurrer was ruled good. 2 *Sellon's Pr.*, 454. *Steph. Pl.*, 75. 2 *Tidd.*, 752. 2 *Murphy*, 202. 12 *Verm.*, 456. 10 *New Hamp.*, 338. 12 *Do.*, 493. 3 *Do.*, 273. 1 *Watts & Seargt.*, 365. These cases show the practice at common law, but the act of 1809, ch. 153, sec. 2, comes fully up to this point, and allows the amendment. See, *Ev. Pr.*, 246, 247, 248.

4th. The objection as to entire damages, is fully met by the act of 1809, ch. 153, sec. 2, which says, that no judgment shall be reversed or stayed, because of defective counts, provided there be *one good count.*  See 1 *Gill*, 41, *Gordon vs. Downey.*

MASON, J., delivered the opinion of this court.

This is an action of slander under the act of 1838, chap. 114, entitled, "An act to protect the reputation of unmarried women."

The questions arising upon the present appeal are presented by a motion in arrest of judgment, which brings up for review the regularity and sufficiency of the pleadings.

We think the slander complained of in this case, comes clearly within the provisions of the act of 1838.    The charges amount to a direct and gross assault, upon "the character or reputation for chastity of a *feme sole,*" and are therefore actionable under the statute.

But it is contended that the declaration is bad, because it does not refer sufficiently to any statute of the State, and also because it does not conclude against the form of any such statute.

The act of 1838, chap. 114, being a public general law, we think has been sufficienly referred to, in the plaintiff's first count in her declaration, if necessary to refer to it at all; and by the act of 1809, chap. 153, sec. 2, it is provided, that where a verdict has been rendered in any action, the judgment thereupon shall not be stayed or reversed, for any defect in form or substance in any count in the declaration, so that there be one good count.    The first count in this declaration being good, is sufficient to support the verdict, and we need not therefore examine into the correctness of the remaining counts.

The purpose of the act of 1838, was to make all words spoken maliciously, touching the character for chastity of an unmarried woman, slander *per se,* and *prima facie* actionable, as slanderous words are now actionable at common law.   At

common law, when the slander is *prima facie* actionable, as for example, charging a person with perjury, &c., a declaration stating the malicious intention of the defendant, and the slander concerning the plaintiff, is sufficient, without any prefatory *inducement*. 1 *Chitt. Plead.*, 342. In this case the words charged are unambiguous and unequivocal, and therefore require no explanation.

Under the act of 1809, chap. 153, we think the amendments made below were properly allowed by the court, it being a power resting in the sound discretion of the court. *Union Bank vs. Ridgely*, 1 *Har. & Gill*, 407.

*Judgment affirmed.*