$\wp$

### Town of Sharon *v.* Town of Strafford.

*Removal of Paupers. Pleading. Abatement. Amendment.*

The certificate of the justices upon the copy of an order of removal of a pauper to be served upon the overseer of the poor of the town to which the pauper is ordered to be removed, is an indispensable requisite, and a constituent part of the process to be served, and without it the statute, § 11, ch. 20, G. S., is not complied with.

If wanting, the defect cannot be cured by amendment.

This was an appeal from an order of removal of a pauper from Sharon to Strafford. The latter town filed a plea in abatement on the ground that the copy of the order given to the officer to serve on the overseer of the latter town, had no certificate of the justices upon it, other than their signature to the order, that is, to the copy of the order, and that the copy left with the overseer of Strafford contained no copy of any such certificate. Whereupon the town of Sharon filed a motion for leave to amend.

The court at the December Term, 1863, BARRETT, J., presiding, *pro forma* overruled the motion, and rendered judgment on the plea that the order of removal be quashed,—to which the town of Sharon excepted.

*Converse & French,* for the plaintiff.

We insist that when the justices made out a copy of their order of removal *and signed the same at the bottom it was a certifying within the meaning and intention of the law.* It is a *certificate by them signed*

that they have made the order of removal as therein stated. What object can there be for them to sign it twice? The case is entirely different from that of an *officer serving process;* then *he* signs the name at the bottom of the copy, and 'then " *attests* " that it is a true copy. Statutes are to be construed according to the *intention of the legislature.* It could not have been the intention that there should be a separate certifying. *Ryegate* v. *Wardsboro,* 30 Vt. 746 ; *Catlin* v. *Hull,* 21 *ib.* 152 ; *Dutton* v. *Vt. Mut. F. Ins. Co.,* 17 *ib.* 369 ; *Henry* v. *Tilson,* 17 *ib.* 479. The statute is but *directory,* and the omission of it cannot vitiate the proceedings.

II. The court erred in deciding that they had no power to allow the amendment. This is a general power incident to all courts in any proceedings which may be pending in court. The fact that it strikes back to the order of removal by the justices does not change it, as was held in *Barnet* v. *Concord,* 4 Vt. 564, 571.

*Peck & Colby,* for the defendant.

The amendment asked for should not be granted. The amendment of writs and other process furnishes no analogy. This is a statutory proceeding and a strict compliance with the provisions of the statute has always been required. *Barnet* v. *Concord,* 4 Vt. 564 ; *Georgia* v. *St. Albans,* 3 Vt. 42 ; *Wheelock* v. *Lyndon,* 6 Vt. 524.

PECK, J. The notice to the town of Strafford of the order of removal, was given by a service made by an officer under the provision of the statute authorizing service as a writ of summons is by law required to be served. It appears that the copy of the order which was given to the officer to serve had no certificate of the justices upon it, other than their signature to the order, that is, to the copy of the order, and that the copy left with the overseer of Strafford contained no copy of any such certificate. The officer regularly served such paper as the justices furnished him. The plea in abatement presents the question whether such a service was a compliance with the statute, the paper and service being otherwise regular ; and if not, whether it was amendable. The county court refused to grant a motion to amend, on the ground that it was not amendable, and quashed the order.

1. The plaintiff claims that a copy of the order signed by the justices is all that the statute requires ; that is, that their names be-

ing subscribed to the copy of the order, it was a certifying of the copy within the meaning of the statute. The language of the statute is that the justices " *shall make and certify a copy of the order of removal*," &c. A copy of the order, to be complete, must contain the signature of the justices; hence it is evident that the legislature intended by the words, " *and* certify," that the justices should do something more than to make a complete copy. It is evident that the intention was that it should be certified by a certificate upon it, signed by the justices, to the effect that it was a true copy. The word *certify* is to be taken in the statute in the common acceptation of the term as applied to official proceedings. The object of the statute is that the adverse town shall not only be notified that an order of removal has been made, but that it shall be informed what the order is, in such a manner that it shall be able to judge whether to appeal, or to submit to the order and take charge of the pauper. For this purpose the overseer is by the statute entitled, not only to a copy of the order, but to a copy that the justices say over their official signatures, is a true copy. It is true the notice appended, signed by the justices, states that they made an order, but it does not state, and is not required to state, that the foregoing is a copy of it. The office and purpose of the certificate is to show that.

Previous to the act of 1850, authorizing notice by service by an officer, the provision for notice was that " a true copy of such order, certified by the justices making the same," shall be left, &c. Under that statute any private person might leave the copy with the overseer, and the only evidence the overseer had that it was a copy, was the certificate of the justices. The practice, so far as I am informed, under that statute, was to annex such certificate to the order. The act of 1850, containing substantially the same language, shows that it was not the intention to dispense with such certificate.

The certificate is an indispensable requisite, and a constituent part of the process to be served, and without it the statute is not complied with.

2. Can the defect be cured by amendment? If the officer had had a perfect paper, and the defect had been only in the officer's return, I see no objection to allowing the officer to amend his return according to the fact, at least by consent of the justices, the same as

in case of other writs of summons. It is not necessary to decide what the effect would have been if the process given to the officer had been perfect, and he had accidentally omitted to copy the certificate on the copy he left with the overseer. It may be that his return, if regular, would have been conclusive. This however, we do not decide. This process, although it is made up in part of the copy of the order, is in the nature of an original. The power to allow amendments of a paper of this description, if any power exists, is very different from that applicable to ordinary returnable process, upon which further proceedings are to be had. It is true it may be the duty of the officer to return such process to the justices, but the town is not called on to answer it there. The case does not come here directly upon this process, but by appeal from the original order of removal. The defect exists in this case in the original as well as in the copy left by the officer, and was not amendable. As to the officer's return, it is already according to the fact.

The county court properly refused to allow the amendment.

Judgment affirmed.