TOWN OF EAST HAVEN *v.* TOWN OF DERBY.

*Pauper. Removal. Notice. Statute.*

In case of a removal of a pauper, the order of removal with the notice required to be annexed thereto, is to be served on the overseer of the town to which the pauper is to be removed, as a writ of summons is required to be served, that is, by delivering a copy of the whole document made and certified by the officer. G. S., p. 136, ch. 20, § 11.*

The words in said section, *"which copy of the notice,"* mean which copy *and* notice.

No United States revenue stamp is required upon a certificate of magistrates required to be attached to an order of removal of a pauper.

APPEAL from an order of removal of a pauper. The defendant moved to quash the proceedings for reasons set forth in the opinion.

---

*See this section as amended in Acts of 1864, No. 18.

The court at the September Term, 1864, POLAND, Ch. J., presiding, sustained the motion and ordered that the order of removal be quashed,—to which the plaintiff excepted.

*G. C. & G. W. Cahoon,* for the plaintiff.

*Edwards & Dickerman,* for the defendant.

The opinion of the court was delivered by

PECK, J.    The case was entered in the county court at the March Term, A. D. 1864, at which time the defendant town filed a motion to quash the proceedings, alleging in the motion that the pauper has never been removed to the town of Derby, and that no copy of said order of removal, *certified by the parties making the order,* was left with the overseer of the town of Derby within thirty days after the making of the order, nor at any other time.

This motion and the argument of the defendant's counsel in support of it rest upon the ground that at the date of these proceedings, the statute required the notice, which was to be given within thirty days, to be given by leaving with the overseer of the adverse town a copy of the order, *certified to be such by the justices* making the order. If this is the true construction of chap. 20, § 11 of the General Statutes, the decision of the county court quashing the order is correct.    Previous to the act of 1850, providing for an additional mode of giving the notice, such was the law, and until the act of 1850 was passed it was indispensable that the copy left with the overseer should have annexed a genuine certificate signed by the parties, unless the pauper was removed within the thirty days.

But the act of 1850, (Comp. St. 132, § 13,) provides that the justices may, after making and certifying the copy of the order, annex to it a notice, the form of which is given, and that the copy thus certified, with the notice annexed, may be served by an officer in the same manner as writs of summons are required to be served. Under this act the copy left by the officer with the adverse town would not contain the genuine certificate of the justices, but would be a copy, made by the officer, of the paper put into his hands to serve.    Such copy was left in this case.    Thus the law remained, authorizing either mode of giving notice, until the general statutes under which this proceeding was had went into operation.

In *Poultney* v. *Sandgate,* 35 Vt. 146, the order in question was

made and served in 1854, and no removal was ever made under it. The service on the adverse town was in the same mode adopted in this case, and it was held sufficient. *Marshfield* v. *Calais*, 16 Vt. 601, relied on by the defendant's counsel, was decided prior to the act of 1850.

*Poultney* v. *Sandgate* is decisive against this motion unless the law on this subject is altered by the General Statutes. It is evident that by the provision on this subject in the General Statutes, p. 136, § 11, it was not the intention of the legislature to require notice to the town to which the pauper is ordered to be removed, to be given in both the modes, either of which was sufficient by the then existing law. Nor was it the intention to abolish the provisions of the act of 1850 for giving notice by service of the copy and notice by an officer as a writ of summons, although by the manner in which the substance of these two provisions is brought together into one section, it is rendered somewhat doubtful whether the service as a writ of summons is not the only notice intended to be authorized. It is true the first clause of the section is in the language of the former law, that a true copy of such order, certified by the justices making the same, shall be left with the overseer, &c., but that section proceeds to say, "and the notice of such order of removal shall be given in the following manner: The justices of the peace making the order shall make and certify a copy of the order of removal, to which they shall append a notice as near as may be in the following form,"—giving the form—which copy of the notice shall be served on the overseer of the town to which the pauper is ordered to be removed, within thirty days from the time of making such order, as writs of summons are now by law required to be served. There is obviously a clerical error. The words "*which* copy of the notice," mean, *which* copy *and* notice; for in the next section, providing what officer may serve the process, is this language, "said *copy and notice* may be served by any sheriff of the county," &c. Besides, it is unreasonable to suppose that the legislature would require the justices to append the notice to the copy of the order, and then require the officer to deliver a copy of the notice, and deliver the identical copy of the order put into his hands, which he could not do without detaching the notice from the copy of the order. The whole docu

ment is to be served as a writ of summons is required to be served, that is, by delivering a copy made and certified by the officer. Such being the service in this case, it was in compliance with the statute.

The motion to quash filed at the March Term, 1864, and that filed September Term, 1864, founded on a supposed defect of service, must be overruled. In *Sharon* v. *Strafford*, 37 Vt. 74, the defect was in the original given to the officer to serve, it having upon it no certificate of the justices, and it was for that reason the proceedings were quashed.

But another cause for quashing the order is set forth in the motion filed September Term, 1864. It is alleged that no revenue stamp was ever attached to said pretended certificate of said magistrates attached to said order of removal as required by law. This question depends on the construction of the United States internal revenue act of 1862. After specifying various certificates requiring a stamp, the act provides for stamping "*certificates* of any other description than those specified." It is under this general clause that the defendant's counsel insist that a stamp was necessary upon the justices' certificate upon the copy given to the officer to serve. There is another provision that must be referred to in determining the intent and meaning of the act.

In a subsequent clause it is provided "*that no writ, summons, or other process issued by a justice of the peace, or issued in any criminal or other suit commenced by the United States or any state, shall be subject to the payment of stamp duties.*" The question is whether this certificate comes within the requirement or within the exemption. Our statute requires that the copy of the order with the certificate of the justices thereon and the notice appended, shall be made and signed by the justices and delivered to the officer to be served as a writ of summons is by law required to be served. The whole is an entire thing, made up in part by the justices' certificate, yet the certificate is a necessary and indispensable part of the process, and the whole issues from the justices, and the whole is to be served as a writ of summons, as an entire process, as much so as a declaration and writ under our practice. It is also returnable to the justices. In view of its purpose and use, it is to be considered as an entire original process. The provision which exempts the process from

stamp duties, exempts all its constituent parts.  Criminal process is by the same provision exempt from stamp duties, and could it be reasonably claimed that it would lose this immunity from duties because under a legal requirement it contained a certificate of the day when it issued or was presented?  We think the paper in question comes within the exemption of process, and not within the requirement as to certificates.

The judgment of the county court quashing the order of removal is reversed, the motion to quash overruled and the case remanded.