(Decided 18th March, 1881.)

WILHELMINA E. GARNER *vs.* JOHN H. GARNER.

*Judgments in personam—Effect of a decree of Divorce against a Non-resident, containing a clause Prohibiting the defendant from marrying again—Decree in personam against non-residents.*

Judgments *in personam* are not binding upon persons living beyond the limits of the State, unless they voluntarily appear and answer the suit.

Where the defendant in a divorce suit is a non-resident, the jurisdiction of the Court is limited to the dissolution of the marriage.

Where the decree goes farther and says the defendant shall not marry again, such prohibition is not necessarily a part of the decree dissolving the marriage, but is in the nature of a decree *in personam*, affecting the rights of a party beyond the jurisdiction of the Court, and so much of the decree is invalid.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court. After the decree was passed the defendant filed a petition asking that the prohibitory clause be stricken out, on the ground that the Court had no jurisdiction to decree such prohibition against her, she being a non-resident, and not having been lawfully brought into Court. The Court (DOBBIN, J.,) overruled this petition and the defendant appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY, ROBINSON, IRVING, and MAGRUDER, J.

*William Reynolds,* for the appellant.

No counsel appeared for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is a bill by the appellee a citizen of this State, praying a divorce *a vinculo matrimonii* from the appellant. now residing in the City of New York, upon the ground of abandonment.

In granting the divorce the Court below, in the exercise of the discretion vested in it by the statute of 1872, ch. 272, further ordered and decided that the appellant Wilhemina E. Garner, should not contract marriage with any other person, during the life-time of the appellee.

It is conceded that the *domicil* of the husband is the *matrimonial domicil,* and that the Court had jurisdiction to grant the divorce; but it is insisted that so much of the decree as forbids the appellant from marrying again is a decree or judgment *in personam* rendered against the appellant, a resident of another State, and therefore *void.*

This objection is we think well taken. To render a judgment binding, the Court must have jurisdiction over the person or subject-matter. Jurisdiction over the person can only be acquired by service of process of some kind, or by voluntary appearance. The process of a Court cannot be served beyond the limits of the State, and non-residents are not therefore amenable to such process. Hence it is, that judgments *in personam* are not binding upon persons living beyond the limits of the State, unless they voluntarily appear and answer the suit.

All the cases which recognize the jurisdiction of a State to determine the *matrimonial status* of its own citizens, although one of the parties live in another State, limit the

exercise of it to the *dissolution of the marriage.*   The decree
in such cases affects only the status or marriage relation.
To go one step further, and say the guilty party who is
a non-resident and therefore beyond the process of the
Court, shall not marry again is quite a different thing.
Such a prohibition is not necessarily a part of the decree
dissolving the marriage, but in the nature of a decree *in
personam* affecting the rights of parties beyond the juris-
diction of the Court.

So much of the decree therefore, as prohibits the appel-
lant from marrying again must be reversed.

> *Decree affirmed in part,*
> *and reversed in part.*

(Decided 18th March, 1881.)