JACOB HUFFER *vs.* DAVID A. MILLER.

*Slander—Sufficiency of Count—Inadmissible Evidence in Mitigation of Damages—Practice in Court of Appeals.*

In an action for slander a count alleging that the plaintiff "swore to dam lies before Justice BITNER, and that was the reason he (the plaintiff) was acquitted," is sufficient in form.

In an action for slander, evidence of statements made by the plaintiff in respect of the defendant, but of which the defendant was not informed, either before or at the time the defamatory words were spoken, is inadmissible in mitigation of damages.

Iu an action where the declaration contains several counts, the judgment rendered will not be reversed, if there be one good count, although the other counts are defective.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, MCSHERRY, and BRISCOE, J.

*Edward Stake,* (with whom was *Alexander Armstrong* on the brief,) for the appellant.

The alleged slanderous words in the first and second counts are not actionable *per se.* All the authorities agree that to impute the crime of perjury it must be done in terms definitive of that offence. *Newell on Defamation,* 123.

The *innuendo* may not enlarge the meaning of the alleged actionable words. The authorities are uniform in regard to this principle, and it has been so held in Maryland in repeated cases. *Newell on Defamation,* 122,

Huffer *vs.* Miller.

123; *Sheely vs. Biggs*, 2 *H. & J.*, 363; *Jones vs. Hunger-ford*, 4 *G. & J.*, 402; *Peterson vs. Sentman*, 37 *Md.*, 152.

The *innuendo* may enlarge the words where there is a proper colloquium to support the innuendo. *Stafford vs. Green*, 1 *Johns.*, 505; *Ward vs. Clark*, 2 *Johns.*, 10; *Sheely vs. Biggs*, 2 *H. & J.*, 363; *Peterson vs. Sentman*, 37 *Md.*, 152.

Where the defendant does not justify, he may in mitigation of damages show any circumstances which tend to disprove malice. *Mapes vs. Weeks*, 4 *Wendell*, 659; *Alderman vs. French*, 1 *Pick.* 16; *Arrington vs. Jones*, 9 *Porter*, 139; *Henry vs. Hosea*, 3 *Harr.*, (*N. J.*,) 397; *Regnier vs. Cabot*, 2 *Gilman*, (*Ill.*,) 34.

*Alexander R. Hagner*, (with whom was *H. Kyd Douglas* on the brief,) for the appellee.

The defendant objected to the first and second counts of the declaration because they do not set forth in the *colloquium* that the words were spoken of the plaintiff in connection with his testimony at the trial before Justice Bitner. But the words themselves charged the plaintiff with swearing falsely before Justice Bitner in a trial in which the plaintiff was acquitted by reason of said false testimony. This is a charge of perjury, slanderous *per se*, and no amplification of the facts was necessary in the *colloquium*. *Padgett vs. Sweeting*, 65 *Md.*, 404; *Peterson vs. Sentman*, 37 *Md.*, 140; *Spooner vs. Keeler*, 51 *New York*, 527; *Brown vs. Hanson*, 53 *Ga.*, 632; *Odger on Libel and Slander*, (1st *Am. Ed.*,) star page 123, note *A*, and authorities therein cited.

It being conceded that the third count in the declaration is good, that is sufficient to sustain the verdict, and the judgment thereon. *Terry vs. Bright*, 4 *Md.*, 430; *Gordon vs. Downey*, 1 *Gill*, 41; *Blumhardt vs. Rohr*, 70 *Md.*, 334.

The defendant in slander cannot in mitigation of damages, prove threats uttered by plaintiff against him,

unless he can show that such threats were communicated to him before or at the time when he is alleged to have spoken the slanderous words. *Hitchcock vs. Moore,* 70 *Mich.,* 112; *Quinby vs. Minn. Tribune Co.,* 38 *Min.,* 528, 8 *American State Report.,* 694. It must appear that the defendant before and at the time of the making of the charges knew such facts and circumstances. *Townsend on Libel and Slander,* (4th *Ed.,*) sec. 361; *Hatfield vs. Lasher,* 81 *N. Y.,* 246; *Willover vs. Hill, et al.,* 72 *N. Y.,* 36; *Hamilton vs. Eno,* 81 *N. Y.,* 116.

BRISCOE, J., delivered the opinion of the Court.

This is an action of slander brought by the appellee against the appellant in the Circuit Court for Washington County. The case was tried on the plea of *non cul.* The declaration contained three counts. The first and second were demurred to, and the demurrer was overruled. The third count was admitted to be sufficient. The defamatory words alleged in the first count to have been spoken were these:—"He (the plaintiff) swore to dam lies before Justice Bitner, and that was the reason he (the plaintiff) was acquitted," meaning thereby that the plaintiff had committed perjury as a witness before Justice J. Irvin Bitner, a Justice of the Peace of the State of Maryland in and for Washington County when examined before the said justice as a witness. The second count is substantially in the same words, and what is said of the first will equally apply to the second. The objection to the sufficiency of these counts is based upon the statement that the declaration does not set forth in the *colloquium* that the words were spoken of the plaintiff in connection with his testimony at the trial before the justice, and that the words are not actionable *per se.* We do not deem it necessary to discuss the question of the sufficiency of these counts, because the judgment below would not be reversed, even if they were

Huffer *vs.* Miller.

defective. The third count in the declaration is admitted to be good, and a judgment will not be reversed for any defect in form or substance in any count in the declaration, if there be one good count. Art. 5, sec. 15, of the Code. *Terry vs. Bright,* 4 *Md.,* 430.

We are, however, clearly of the opinion that the Court was right in overruling the demurrer, because the counts are sufficient in form.

At the trial the defendant reserved four exceptions to questions of evidence. The first, second, and third (the fourth is abandoned) present substantially the same question. The defendant proposed to ask the plaintiff, on cross-examination, this question, which was refused by the Court: "Did you not before the trial was had before Justice Bitner, at your stable, in the early part of December, 1889, tell Marine Lamar that you intended to give Huffer, a clubbing?" We cannot perceive what relevancy this evidence could have to the trial of this case. There is no evidence in the record to show that the defendant had been informed, either before or at the time the defamatory words were spoken, of the conversation had between the witness and the plaintiff; and it is a well settled rule governing such cases, founded in reason and upon many adjudicated cases, "that facts proved in an action of slander, in mitigation of damages must, to have that effect, have been known and believed by the defendant at the time he uttered the slanderous words." This evidence was clearly inadmissible, and was properly rejected by the Court. We shall therefore affirm the judgment.

*Judgment affirmed.*

(Decided 17th June, 1891.)