## CIRCUIT COURT OF BALTIMORE CITY.

Decided December 17, 1897.

MARY J. HARE
VS.
CHARLES T. HARE.

*Charles J. Bonaparte* and *Paul M. Burnett* for plaintiff.

*Lewis Hochheimer* for defendant.

DENNIS, J.—

The plaintiff has made out a case entitling her to alimony, unless the divorce obtained by the defendant in Illinois is a bar to her recovery.

Conceding that the record of the proceedings in that State, which shows that a divorce was in fact granted, is in due form, yet this is not enough to enable the defendant to successfully interpose that proceeding as a defence in this case. In the United States, divorce Courts derive their jurisdiction from statute only; they are *pro tanto* Courts of a special and limited jurisdiction; and no presumption that such jurisdiction has been conferred upon a Court of another State, arises from the fact that the said Court has undertaken to exercise it.

Kelly vs. Kelly, 161 Mass. 111.

Nor, from the fact that such jurisdiction has been conferred upon Courts of chancery in Maryland.

State, etc., vs. P. & C. R. R. Co., 45 Md. 41.

In this case no evidence whatever has been introduced to show that the divorce granted by the Illinois Court was a valid divorce in that State, or

that the Court granting it had jurisdiction of divorce causes.

But, even if it should be shown that the Illinois Court had jurisdiction, and that the decree was regularly passed, I do not think it would be a bar to the relief asked. The following facts are clearly shown; that there was no personal service of process upon the defendant in that case (the present plaintiff), that she was not at the time, and never had been, a resident of the State of Illinois, but had been when the suit was instituted, and for several years previously, justifiably living separate and apart from her husband in this State where both of them were married and domiciled at the time they were living together.

Under these circumstances, the decree of the Illinois Court was not binding upon her, so far as it was a decree *in personam.*

Pennoyer vs. Neff, 95 U. S. 714.

Garver vs. Garver, 56 Md. 127.

What its effect was as a decree *in rem*, i. e., as determining the *status* of the parties, it is not necessary to decide in this case; for, even if it should be held that the decree of divorce was effectual to the extent of dissolving the marriage, it by no means follows that it would be a bar to a suit for alimony.

The right to a maintenance for herself and her infant child, which the defendant has wholly failed to provide since the separation, may fairly be considered a personal right in the wife, of which she could not be deprived save by a decree *in personam* against her. If it was such a right, the decree of the Illinois Court dissolving the marital relations could not defeat it, where there was no personal service of process upon her. As our Court of Appeals has said, Garver vs. Garver, 56 Md. 127: "All the cases which recognize the jurisdiction of a State to determine the *matrimonial status* of its own citizens, although one of the parties live in another State, limit the exercise of it to the dissolution of the marriage. The decree in such cases affects only the *status* of marriage relation."

The case of Cox vs. Cox, 19 Ohio St. Reps. 502, is a case on all four with the present.

There the husband deserted his wife, both parties up to the time of desertion

having been domiciled in Ohio; the wife filed a bill for alimony, to which the husband answered by setting up a decree of divorce obtained by him in another State, in a proceeding in which there was no jurisdiction of the person of the wife except by constructive service, and of which proceeding she had no actual notice; it was held, that the decree for divorce was no defence to her claim for alimony. I think the reasoning upon which this conclusion is based, is sound; and the same principle is supported in this State by the case of Crane vs. Meginnis, 1 G. & J. 464, where it is held, that in a wholly separate proceeding from that wherein the divorce is granted, "a divorced wife may recover, (having merits) a maintenance suitable to her station in life, and to quadrate with the situation of her husband, by a bill in Chancery."

I will sign a decree accordingly.